## In re LLOYD, Bankrupt.

*(District Court, W. D. Pennsylvania.* ——, 1881.*)*

1. BANKRUPTCY—ATTORNEYS' FEES.

Under the amended general orders in bankruptcy no allowances out of the estate of the bankrupt can be made to the attorneys of the petioning creditors for having the debtor adjudged a bankrupt, except the $20 docket fee taxable to the prevailing party in a suit in equity.

In Bankruptcy. *Sur* application of Dr. J. T. Christy and J. W. Curry for the allowance of attorneys' fees, etc.

*Geo. Shirar, Jr.,* and *Geo. M. Reade,* for report.

ACHESON, D. J. This case is one in involuntary bankruptcy, where the debtor resisted an adjudication. The active petitioning creditors seek to be allowed for attorneys' fees paid or incurred by them in prosecuting the case to adjudication. The application for this allowance is made under general order No. 31, which provides as follows:

"In case of involuntary bankruptcy, where the debtor resists an adjudication, and the court, after hearing, shall adjudge the debtor a bankrupt, the petitioning creditor shall recover, to be paid out of the fund, the same costs that are allowed by law to a party recovering in a suit in

equity; and, in case the petition shall be dismissed, the debtor may recover like costs from the petitioner."

The register, to whom this application was referred, has reported in favor of the allowance of $460 attorneys' fees paid by the petitioning creditors, and $3,116.87 attorneys' fees incurred but not yet paid. The fees, as fixed by the register, are not unreasonable in amount, and, under the peculiar circumstances of the case, there are equitable reasons which would incline me to favor their allowance, could I see that I had any discretionary power to make the order recommended by the register. But, whatever may have been the earlier practice, the general orders in bankruptcy, as amended by the supreme court on April 12, 1875, in my judgment, cut up by the roots all allowances of fees to the attorneys of the petitioning creditors other than the docket fee of $20 taxable to the prevailing party in a suit in equity.

General order No. 30 contains this clause:

"No allowance shall be made against the estate of a bankrupt for fees of attorneys, solicitors, or counsel, except when necessarily *employed by the assignee*, when the same may be allowed as a disbursement."

General order No. 30 and order No. 31 must be read together, and the result is, as I apprehend them, that the court is forbidden to make any allowance for the fees of the attorneys of the petitioning creditors beyond the $20 taxable costs allowed by law in an equity suit.

Says Blumenstiel, commenting on general order No. 25, (L. & P. in Bankruptcy, 375:)

"The effect of this rule is also to prevent any charge being made on behalf of attorneys who are not employed by the assignee himself; so that solicitors acting on behalf of particular creditors, and who by their labor may benefit the estate, cannot claim or be awarded any compensation therefor out of the estate, but must look to the parties who employed them for their pay. Thus allowances to attorneys of petitioning creditors for having the debtor adjudged a bankrupt, are, by virtue of this rule, abolished," except (he adds) the taxable docket fee of $20, allowable under general order No. 31.

In *Hauenstien* v. *Lynham*, 100 U. S. 483, the supreme court say: "It is a settled rule in this court never to allow counsel on either side to be paid out of the fund in dispute." Id. 491. In the spirit of this rule, and to guard against abuses which

threatened to creep into the administration of the bankrupt law, the supreme court, as I conceive, so amended the general orders in bankruptcy as to put an end to allowances out of the bankrupt's estate to the petitioning creditors' attorneys, solicitors, or counsel.

And now, May 31, 1881, the register's report, in so far as it recommends the allowance of attorney's fees, is disapproved, and such allowances, whether for fees paid or incurred, are refused; but the court confirms the report of the register in respect to other necessary expenditures and disbursements, and the same, as set forth in the report, are allowed.